SUMMARY ORDER

Dong Jiang, a native and citizen of China, seeks review of a September 11, 2008, order of the BIA affirming the June 21, 2006, decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dong Jiang, No. A200 023 601 (B.I.A. Sept. 11, 2008), aff'g No. A200 023 601 (Immig. Ct. N.Y. City June 21, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that the BIA rejected. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). In its decision, the BIA declined to adopt or affirm the IJ’s adverse credibility determination. The BIA did, however, affirm the IJ’s finding that Jiang failed to satisfy his burden of proof. Because the BIA assumed Jiang’s credibility for purposes of *725 its analysis, we do the same. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005).
This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).[2]
The agency denied Jiang’s application for asylum because it found that he did not provide sufficient evidence to establish that he had a well-founded fear of future persecution in China based on his practice of Falun Gong. The agency found that Jiang did not adequately demonstrate: (1) Chinese officials’ awareness of and continuing interest in him on account of his past practice of Falun Gong; or (2) Jiang’s continued practice of Falun Gong.
Jiang argues that the agency erred in finding that the record did not contain sufficient evidence of the Chinese government’s awareness of his Falun Gong practice, pointing to letters from his mother and friend. He argues that the agency failed to consider these letters for that purpose. That argument misunderstands the agency’s decision. Rather than ignoring the letters, the agency accorded them limited evidentiary weight because of certain material omissions. It did not err in doing so. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence lies largely within the IJ’s discretion).
Jiang further argues that the agency did not adequately consider the State Department’s 2005 Country Report on Human Rights Practices for China which reveals ongoing persecution against Falun Gong practitioners. Again, this argument misapprehends the agency’s decision. The agency did not dispute that Falun Gong practitioners face persecution in China. Indeed, the IJ conceded as much. Rather, the agency found that Jiang had not shown that the Chinese government was or would become aware of his practice. We find no error in that determination. Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir.2008) (finding that, to establish a well-founded fear in the absence of any past persecution, “an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities”).
As we have held, while an applicant’s credible testimony alone may suffice to carry his burden of proof, 8 U.S.C. § 1158(b)(1)(B)(ii), an IJ may “require that credible testimony ... be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing.” Chuilu Liu v. Holder, 575 F.3d 193, 196 (2d Cir.2009) (internal citation omitted). Here, the agency reasonably found that Jiang failed to provide adequate evidence to corroborate his claim that he continues to practice Falun Gong, thus leaving him without a basis for a well-founded fear of future persecution. See id. at 198 (finding that an IJ may reasonably rely on a lack of corroborating evidence where there is “no indication on the record that such evidence was unavailable, and [petitioner] has not provided an explanation on appeal for his failure to present such corroborating evidence”).
*726 Because Jiang based his claim for withholding of removal on the same factual predicate as his asylum claim, and the IJ found that Jiang did not meet his burden of proof, that claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Jiang does not challenge the agency’s denial of his CAT claim before this Court.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The asylum application at issue in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008).